Thule Thor–Sven ROBERTSSON, Petitioner–Appellant,

v.

Terry STEWART, Director, Respondent–Appellee.

No. 01–17444.

D.C. No. CV–00–01679–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2003.*

Decided Aug. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Thule Thor–Sven Robertsson appeals the denial of his habeas corpus petition. Robertsson argues the jury instructions in his capital murder trial were defective because they required unanimity acquittal on the more serious charge before the jury could examine the lesser included offenses. The district court found no violation and denied his petition. This court agrees that Robertsson's petition for habeas corpus should be denied.

Robertsson argues that under *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the jury instructions were an unreasonable application of clearly established federal law and his petition should be granted. In *Beck* the Supreme Court struck down an Alabama law that prohibited jury instructions on lesser included offenses. The Court in *Beck* stated,

> when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the "third option" of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.

*Id.* at 637, 100 S.Ct. 2382.

Here the jury was provided with a narrowed third option of convicting Robertsson on a lesser included offense only if

they unanimously acquitted him of the capital crime. This court need not determine if the jury instructions were an unreasonable application of clearly established federal law because even if there was error it did not have a substantially injurious effect on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Robertsson's jury was presented with two theories of the case. The state presented evidence of first degree murder, while Robertsson denied any wrongdoing whatsoever. If the jury believed Robertsson, then no conviction was warranted. If the jury believed the state's evidence, the only possible verdict was first degree murder. Therefore, the lack of a true "third option" did not substantially affect the verdict because there is no factual basis on which the jury could have permissibly reviewed the lesser included offenses.

The district court's denial of Robertsson's habeas petition is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.